UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GARRED FARRELL NORMAN,
Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE, et al.,
Defendants.

Case No. 3:26-cv-04015-JSC

**DISMISSAL ORDER**

Plaintiff Gerred Farrell Norman, who is representing himself, filed this action suing various entities under the Freedom of Information Act. (Dkt. Nos. 1, 3). By Order filed July 31, 2026, the Court reminded Plaintiff that he is responsible for serving the defendants with the summons and complaint within the time allowed by Federal Rule of Civil Procedure 4(m). (Dkt. No. 11.) The Court later extended Plaintiff's deadline to October 1, 2026 while warning the case would be dismissed without prejudice if the proofs of service are not filed by that date. (Dkt. No. 13.) While Plaintiff filed proof of service forms, the forms reflect Plaintiff personally served Defendants, in contravention of Federal Rule of Civil Procedure 4(c)(2). (*See* Dkt. Nos. 12, 14, 24.) The Court specifically advised Plaintiff he could not personally serve Defendants, and that he could contact the District's Legal Help Desk. (Dkt. No. 28.)

Instead of having Defendants properly served, Plaintiff filed two motions for summary judgment, which the Court dismissed without prejudice, (Dkt. Nos. 13, 21), and three appeals to the Ninth Circuit. (*See* Dkt. Nos. 15, 17, 29.) To date, Plaintiff has not filed proof of service showing proper service on any defendant. As Plaintiff has not properly served Defendants despite multiple extensions of time to do so, the case must be dismissed without prejudice. *See* FED. R. CIV. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice

United States District Court
Northern District of California

against that defendant or order that service be made within a specified time.").

Dismissal is also warranted by Federal Rule of Civil Procedure 41. Pursuant to Rule 41(b), the Court may dismiss an action for failure to prosecute or to comply with a court order. *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a court may sua sponte dismiss an action pursuant to Rule 41(b)). "A Rule 41(b) dismissal must be supported by a showing of unreasonable delay." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (cleaned up). In determining whether a Rule 41(b) dismissal is appropriate, the court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Id.* (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors strongly support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (cleaned up).

Here, four of the five *Henderson* factors weigh in favor of dismissal. "The first two factors—the public interest in expeditious resolution of litigation and the Court's need to manage its docket—relate to the efficient administration of judicial business for the benefit of all litigants with cases pending." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980) (cleaned up). By failing to respond to the Court's orders and filing improper motions, Plaintiff has delayed adjudication of this action. Non-compliance with procedural rules and the Court's orders wastes "valuable time that [the Court] could have devoted to other . . . criminal and civil cases on its docket." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

As for the third factor, while "the pendency of the lawsuit is not sufficiently prejudicial itself to warrant dismissal," the delay caused by Plaintiff's failure to prosecute this action despite the Court's orders weighs in favor of dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999); *see also Loaiza v. Primary Color, Inc.*, No. CV 21-874 PA (AGRx), 2021 WL 6499817 (C.D. Cal. May 14, 2021) (concluding there would be potential "further prejudice[]" to defendant who had not been served "unless the complaint is dismissed")

United States District Court
Northern District of California

The fourth factor is the availability of less drastic sanctions. The Court already previously extended the deadline to file proof of service, (Dkt. Nos. 11, 13), and repeatedly cautioned Plaintiff failure to file proof of service would result in dismissal of this action. (Dkt. Nos. 11, 13, 21, 28.) Thus, the Court has fulfilled its "obligation to warn the plaintiff that dismissal is imminent." *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992); *see also Ferdick*, 963 F.2d at 1262 ("A district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions] requirement.'"). The fourth factor thus weighs in favor of dismissal.

The last factor, which favors disposition on the merits, definitionally weighs against dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.").

In sum, four of the five relevant factors weigh strongly in favor of dismissing this action in its entirety. *See Pagtalunan*, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal).

The Court therefore DISMISSES this action WITHOUT PREJUDICE pursuant to Federal Rules of Civil Procedure 4(m) and 41(b).

**IT IS SO ORDERED.**

Dated: October 7, 2026

Jacqueline Scott Corley

JACQUELINE SCOTT CORLEY
United States District Judge